**PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant–Garnishee–Defendant,**

**v.**

**Arthur Dale MORRIS and Keith A. Morris, Appellees–Plaintiffs,**

**and**

**Special Administrator of the Estate of Stanton T. Hadley, Jr., Judgment–Defendant.**

**No. 28A01–9207–CV–230.**

Court of Appeals of Indiana, First District.

Dec. 7, 1992.

---

6. *See* n. 4, *supra.*

Michael E. Simmons, Randall C. Helmen, Hume, Smith, Geddes & Green, Indianapolis, for appellant.

Don M. Robertson, Bunger, Robertson, Kelly & Steger, Bloomington, for Arthur Dale Morris and Keith A. Morris.

RATLIFF, Senior Judge.

## STATEMENT OF THE CASE

Progressive Casualty Insurance Company ("Progressive"), garnishee-defendant, appeals from a judgment in favor of Arthur Dale Morris and Keith A. Morris (collectively referred to as "Morris") claiming the exclusion of insurance policy coverage in a cause of action for personal injuries and property damage as a result of an automobile accident. Arthur was awarded $50,643.26 with interest and Keith was awarded $30,400.00 with interest. We affirm.

## ISSUES

We restate and consolidate the issues as follows:

1. Is Progressive collaterally estopped from litigating at the proceedings supplemental stage of this action the issue of whether the insured's actions were intentional, and therefore, fell within the exclusionary clause of the insurance policy issued by Progressive?

2. Is Morris entitled to appellate fees pursuant to the provisions of Ind.Appellate Rule 15(G)?

## FACTS

On November 4, 1989, Stanton Hadley, Jr. was operating a motorcycle southbound on State Road 43 in Owen County, Indiana. Hadley's motorcycle crossed the center line striking a semi tractor-trailer, owned by Arthur and driven by Keith, head-on. As a result of the accident, Hadley was fatally injured and Morris suffered both personal and property injuries.

On January 8, 1990, Morris filed a complaint sounding in negligence against Hadley's estate. Record at 3. Progressive, as Hadley's insurer, was given notice of the filing of the action and provided with a copy of the complaint. Record at 3 and 265. Progressive took no action to appear and defend their insured, to appear under a reservation of right, or to file a declaratory judgment action. Default judgment was granted on May 24, 1990. Record at 21. Thereafter, a damages hearing was held at which time Morris was allowed to present evidence. Record at 21. The trial court entered its findings of fact and conclusions of law in favor of Morris. Record at 21–28. The court concluded that the accident "was the direct and proximate cause of the negligence and fault" of Hadley. Record at 27.

On June 12, 1991, Morris filed a motion for proceedings supplemental to enforce the judgment. Record at 29. Progressive appeared and filed an answer. Progressive asserted an affirmative defense stating that Hadley's actions were intentional, and therefore, not covered by the insurance policy. Record at 42–43.

On September 30, 1991, Morris filed a motion for summary judgment asserting that Progressive was collaterally estopped from challenging the prior judgment finding negligence. Progressive filed a memorandum in opposition to Morris' motion and filed its own motion asserting that the undisputed facts showed that Hadley's actions were intentional. The court granted Morris' motion for summary judgment and

denied Progressive's motion. Progressive appeals.

## DISCUSSION AND DECISION

■ The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* Our standard of review is the same as that used by the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 994. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in evidentiary matter designated to the court. Ind.Trial Rule 56(c).

*Issue One*

Progressive argues that the trial court erred in granting Morris' motion for summary judgment. More specifically, Progressive contends that it was not collaterally estopped from litigating the question of whether Hadley's conduct was intentional, and therefore, not covered by Progressive's insurance policy at the proceedings supplemental stage of this action. We disagree.

■ The doctrine of *res judicata* has two branches, claim preclusion and issue preclusion. *Gorski v. Deering* (1984), Ind. App., 465 N.E.2d 759, 761, *trans. denied.* The issue preclusion branch of *res judicata* is also referred to as collateral estoppel, or estoppel by verdict or finding. *Hockett v. Breunig* (1988), Ind.App., 526 N.E.2d 995, 999. Collateral estoppel applies when a particular issue actually and necessarily is adjudicated and determined in a prior action and then is put into issue in a subsequent action between the same parties or those in privity with them. *Id.; State Farm Mutual Automobile Insurance Co. v. Glasgow* (1985), Ind.App., 478 N.E.2d 918, 923. The prior adjudication of an issue binds the parties or their privies in the subsequent action. *Gorski,* 465 N.E.2d at 762. Collateral estoppel applies to insurance contracts and an insurer is ordinarily

bound by the results of litigation to which its insured is a party, as long as the insurer had notice and an opportunity to control the prior proceedings. *Liberty Mutual Insurance Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, 900, *trans. pending; Snodgrass v. Baize* (1980), Ind.App., 405 N.E.2d 48, 51.

Here, there is no dispute that Progressive had notice of the underlying tort complaint filed against Hadley, its insured. *See* Record at 3 and 265. However, Progressive chose not to undertake Hadley's defense or otherwise act to protect its own interest in the outcome of the litigation. We believe *Liberty Mutual Insurance Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. pending,* is controlling. In *Metzler,* a criminal court found that the insured had intended the consequences of his act when he drove his semi tractor into a tavern, killing one person and injuring eighteen others. *Id.* at 899. In a subsequent civil proceeding, filed by the Powells who where injured in the incident, the insurer chose not to defend the insured. The Powells' amended complaint alleged negligence as their sole theory of recovery. *Id.* A default judgment was entered against the insured, a damages hearing was held, and the trial court entered judgment in favor of the Powells. *Id.* The Powells then commenced proceedings supplemental to execution naming the insurer as a garnishee-defendant. *Id.* Like Progressive, the insurer in *Metzler* argued that it had the right not to defend or intervene in the underlying lawsuit once it determined that the insured's conduct was intentional and therefore not covered; hence, the proceedings supplemental stage of this litigation was its first opportunity to assert policy defenses. *Id.* at 900–01. The insured in *Metzler* also argued that conflict of interest between itself and the insured on the underlying claim precluded estoppel. In finding the insurer was collaterally estopped from raising the issue that the insured's conduct allegedly barred coverage under the insurance policy, we concluded that although an insurer may properly refuse to defend a claim it believes outside the risks covered by the policy, it does so at its own peril. *Id.* at 901–902.

■ Here, Progressive chose neither to defend Hadley, the insured, under a reservation of rights in the underlying tort action, nor to file a declaratory judgment before the entry of the final judgment; therefore, Progressive is bound by the finding of negligence in the underlying tort action. *See id.* at 901. As we stated in *Metzler:*

"An insurer, after making an independent determination that it has no duty to defend, must protect its interest by either filing a declaratory judgment action for a judicial determination of its obligations under the policy or hire independent counsel and defend its insured under a reservation of rights. As we have indicated, '[An insurer] can refuse to defend or clarify its obligation by means of a declaratory judgment action. If it refuses to defend it does so at its peril....' An insurer, having knowledge its insured has been sued, may not close its eyes to the underlying litigation, force the insured to face the risk of litigation without the benefit of knowing whether the insurer intends to defend or to deny coverage, and then raise policy defenses for the first time after judgment has been entered against the insured."

*Id.* at 902. (citations omitted). In the underlying tort action, the trial court determined Hadley acted negligently. Record at 21–28. *Metzler* is controlling here and Progressive may not avoid summary judgment in favor of Morris on the theory that collateral estoppel is inapplicable to the facts of the case.

Progressive misreads *Stewart v. Walker* (1992), Ind.App., 597 N.E.2d 368. *Stewart* does not support Progressive's contentions that it is not collaterally estopped from litigating the issue of whether Hadley's conduct was intentional or negligent. As we explained in *Stewart,* an insurer is not bound from litigating at the proceedings supplemental defenses it may have under the contract of insurance, such as the issue of whether the insured was a named insured under the contract of insurance;

however, the insurer is bound by issues decided in the underlying tort action *Id.* at 371 and 374–75. *See Vernon Fire and Casualty Insurance Company v. Matney* (1976), 170 Ind.App. 45, 54–55, 351 N.E.2d 60, 67 (insurer waived its right to assert defenses which insured had to the underlying action; however, insurer "retained any defenses which it may have had to the contract of insurance, i.e. fraud, misrepresentation or collusion, etc."). Here, the complaint stated a cause of action solely in negligence. *See* Record at 3. Hence, a decision by the court in the prior tort action that Hadley was liable necessarily required a finding of negligence. Progressive is bound by the prior tort action and summary judgment in favor of Morris was appropriate.

*Issue Two*

 Morris requests that we. award appellate fees pursuant to Ind.Appellate Rule 15(G). We disagree. A strong showing is required to justify such an award under App.R. 15(G), and we are careful not to do so unless the case before us clearly warrants such action. *Orr v. Turco Manufacturing Co.* (1987), Ind., 512 N.E.2d 151, 153. Punitive sanctions may not be imposed to punish lack of merit unless an appellant's contentions and argument are utterly devoid of all plausibility. *Id.* Although Progressive's contentions are insufficient to prevail on appeal, we cannot say they are utterly devoid of all plausibility. We see no indication of bad faith, harassment, or purpose of delay, and therefore, imposition of an award under App.R. 15(G) is not appropriate in this case. *See id.*

Affirmed.

BAKER and GARRARD, JJ., concur.