**GALLANT INSURANCE COMPANY,**
**Appellant–Defendant,**

v.

**ALLSTATE INSURANCE COMPANY**
**a/s/o Donald Richey, Jr.,**
**Appellee–Plaintiff.**

**No. 49A04–9905–CV–222.**

Court of Appeals of Indiana.

Jan. 31, 2000.

Michael A. Aspy, Kopka, Landau & Pinkus, Indianapolis, Indiana, Attorney for Appellant.

Matthew J. Jankowski, Smith, Maley & Douglas, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Gallant Insurance Company ("Gallant") appeals the garnishment order against its policy issued to Kelli Moore, who was involved in an automobile accident with Donald Richey, Jr. Allstate Insurance Company, as Richey's subrogee ("Allstate"), brought proceedings supplemental to collect a default judgment against Moore. The sole issue presented for review is whether Moore's failure to forward suit papers to Gallant precludes recovery where the insurance policy states that Gallant shall not be liable unless it receives actual notice of a lawsuit before a judgment has been entered.

We reverse.

### FACTS

On October 4, 1997, Richey sustained personal injuries and property damage from an automobile collision with Moore. Richey was insured under a liability policy issued by Allstate. Moore was insured by Gallant. On October 6, 1997, Moore notified Gallant of the accident.

Richey filed suit against Moore in the Shelby Circuit Court, and Gallant provided counsel for Moore. The parties resolved the Shelby County action by compromise and settlement when Gallant paid Richey in return for the release of his personal injury claim against Moore.[1] Allstate paid Richey $9,565.58 for his property damage claim and then, on October 20, 1998, filed suit on its subrogation claim against Moore in the Marion Superior Court. The complaint and summons were served on Moore at her residence, but Allstate did not send a copy of the complaint to Moore's attorney or to Gallant. Moore neither answered the complaint nor sent a copy of the suit papers to Gallant.

While the parties were negotiating the property damage claim, Allstate moved for a default judgment against Moore on Friday, February 19, 1999. On that same date, Allstate mailed a copy of the subrogation suit to Gallant. The following Monday, February 22, 1999, the trial court entered a default judgment against Moore for $9,565.58, plus costs. Allstate then moved for proceedings supplemental to execution, naming Moore as the judgment debtor and Gallant as the garnishee defendant.

The trial court ordered Gallant to appear and answer Allstate's interrogatories about Moore's insurance coverage on the 1997 accident. Moore and Gallant entered separate appearances. In its answer, Gallant asserted Moore's failure to comply with the policy notice requirements as an affirmative defense. At a hearing on Allstate's motion, Gallant again argued that there was no coverage for Richey's property damage because it had not received notice of the lawsuit before entry of the default judgment. Moore's attorney testified that he had not known that a lawsuit had been filed. Allstate argued that Gallant should have been aware of the lawsuit. The trial court found that Gallant "was given notice of the claim" against Moore and was not prejudiced by the entry of judgment. Thus, the court entered a garnishment order against Gallant. Gallant now appeals.

### DISCUSSION AND DECISION

#### Standard of Review

 In proceedings supplemental to recover judgment from a liability insurer, the judgment creditor bears the burden of showing a judgment, the insurance policy, and facial coverage under the policy. *Hermitage Ins. Co. v. Salts*, 698 N.E.2d 856, 859 (Ind.Ct.App.1998). Once the judgment creditor establishes this prima facie

---

1. The Shelby County complaint and settlement agreement are not part of the record in this case.

case, the liability insurer must go forward with evidence creating a genuine issue of fact. *Id.* Here, the trial court entered several findings with its garnishment order. It is well settled that special findings do not apply in proceedings supplemental. *First Bank of Whiting v. Samocki Bros. Trucking Co.*, 509 N.E.2d 187, 189–90 n. 1 (Ind.Ct.App.1987), *trans. denied*; *see Hutchinson v. Trauerman*, 112 Ind. 21, 25–26, 13 N.E. 412, 414 (1887). The basis for that conclusion is in the statute regulating proceedings supplemental: "All proceedings under this chapter after the order has been made ... shall be summary, without further pleadings, upon the oral examination and testimony of parties and witnesses." *Samocki Bros.*, 509 N.E.2d at 189 n. 1 (quoting IND.CODE § 34–1–44–8, now codified at IND.CODE § 34–55–8–9). Thus, we consider the findings insofar as they supply the court's legal reasoning for its order, and we examine the record to determine if the order is contrary to law. *See id.* at 190 n. 1, 192–93; *see also* Ind. Trial Rule 52(A).

### Insurance Coverage

Gallant contends that the trial court erred in finding it liable under the insurance policy because it did not receive notice of the lawsuit as required by the following provisions:

> In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured, time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company as soon as practicable.... If claim is made or suit is brought against the insured, *he shall immediately forward to the company every demand, notice, summons or other process received by him* or his representative, or agent or served on him, his representative or agent....

> The company *will not* be obligated to pay, and shall not pay under Part I [liability], *unless the company received actual notice of a lawsuit before a judgment had been entered* in said suit.

(Emphases in Brief of Appellant).

As with other contracts, the interpretation of an insurance policy is generally a question of law for the courts. *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind.1992). Ambiguous clauses are construed in favor of the insured, but where no ambiguity exists, the language used in an insurance contract is given its plain and ordinary meaning. *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind.1984). The policy must be reasonably construed, and the court may not find coverage unless the language of the policy admits liability. *Allstate Ins. Co. v. Kepchar*, 592 N.E.2d 694, 696 (Ind.Ct.App.1992), *trans. denied.*

Here, the insurance policy specifically excludes coverage when the insurer does not receive actual notice of the lawsuit before entry of judgment. Actual notice means notice sufficient to permit the insurer to locate the suit and defend it. *Long v. Great Cent. Ins. Co.*, 190 Ill. App.3d 159, 137 Ill.Dec. 794, 546 N.E.2d 739, 744 (1989). The trial court found that Gallant had "notice of the claim." But Gallant did not have actual notice of the lawsuit until after the default judgment had been entered. Allstate does not address that point but contends that Gallant's control of the defense and settlement of the personal injury claim would have led "reasonable counsel to infer and anticipate a subrogation claim to recover the property damage losses incurred in the accident." [2]

---

2. At the hearing on Allstate's motion for proceedings supplemental to execution, it was incumbent upon Allstate to show facial coverage under the policy. However, Allstate had "no interest" in questioning Moore about the notice requirement. Further, Allstate did not contest Gallant's position that it did not know of the lawsuit until after the February 22, 1999 default judgment had been entered.

Knowledge of a pending claim or that a lawsuit might be filed is not equivalent to actual notice that a suit has been filed required under the policy. Absent notice of the filing, Gallant was not permitted to appear and defend the Marion County suit. Nor could Gallant collaterally attack the underlying judgment at the hearing in proceedings supplemental. *See Koors v. Great Southwest Fire Ins. Co.*, 538 N.E.2d 259, 260 (Ind.Ct.App.1989).[3] Gallant was prejudiced by its inability to defend the suit in court. *See Miller*, 463 N.E.2d at 259–60, 266 (discussing *Kosanovich v. Meade*, 449 N.E.2d 1178 (Ind.Ct. App.1983) and affirming trial court's decision that insurer was not liable where it received notice of the lawsuit after entry of default judgment). Where prejudice is created by the insured's noncompliance with the policy's provisions, the insurance company is relieved of its liability under the policy. *Id.* at 261.

Allstate next points to a letter from Gallant claim adjuster Michelle Pondexter to Allstate offering to settle the property damage portion of the claim. Allstate argues that, by actively negotiating the property damage claim, Gallant waived the notice provision. Waiver is an intentional relinquishment of a known right. *United Servs. Auto. Ass'n v. Caplin*, 656 N.E.2d 1159, 1163 (Ind.Ct.App. 1995), *trans. denied.* In the letter cited by Allstate, Gallant recognized Richey's claim but challenged the extent of its liability, citing "comparative negligence," adjustments for "excessive repair costs," a reduced labor rate and a "$816.00 deduction." Gallant had the right to continue to contest its liability in the subrogation lawsuit filed by Allstate. However, because Gallant did not receive notice of the lawsuit until after the default judgment had been entered, it was not accorded the opportunity to do so. By participating in settlement negotiations, Gallant did not intentionally relinquish its right to receive actual notice of a lawsuit before entry of judgment.

Allstate also urges this court to find coverage because it claims that public policy favors the compensation of innocent victims. On these facts, we are hard-pressed to attribute the term "innocent" to Allstate, which knew of Gallant's duty to defend Moore, yet failed to notify either Moore's counsel or Gallant of the subrogation lawsuit until it sought a default judgment against Moore. Our supreme court has said, "The administration of justice requires that parties *and their known lawyers* be given notice of a lawsuit prior to seeking a default judgment." *Smith v. Johnston*, 711 N.E.2d 1259, 1264 (Ind. 1999) (emphasis added).

In any event, Allstate's claim against Gallant is no greater than Moore's claim would be. *See Selleck v. Westfield Ins. Co.*, 617 N.E.2d 968, 971 (Ind.Ct.App. 1993), *trans. denied.* Allstate's claim is derivative of Moore's contract rights. Moore's insurance policy provides coverage only where Gallant receives actual notice of a lawsuit before judgment is entered. That did not occur in this case. The concern for compensating innocent victims cannot defeat the unambiguous provision of the policy.

Proceedings supplemental are not appropriate vehicles for enlarging liability. *Gallant Ins. Co. v. Wilkerson*, 720 N.E.2d 1223, 1229 (Ind.Ct.App.1999) (quoting 30 Am.Jur.2d *Executions and Enforcement of Judgments* § 708 (1994)). Under the plain and ordinary meaning of the insurance policy language, Gallant is not liable to indemnify Moore for Richey's property

---

**3.** In a footnote, Allstate argues that, in order to "avoid detriment," Gallant should have moved to set aside the default judgment based upon lack of notice. This argument was not made in the trial court, and Allstate fails to develop the argument on appeal. We agree that Gallant could have moved to set aside the default judgment under Indiana Trial Rule 60(B), but that alternative does not preclude Gallant from attacking the garnishment order in proceedings supplemental.

damage, and Allstate could not garnish the policy's proceeds. The garnishment order is reversed.

Reversed.

ROBB, J., and KIRSCH, J., concur.