ILLINOIS FOUNDERS INSURANCE
COMPANY, Appellant–Garnishee–
Defendant,

v.

HORACE MANN INSURANCE COM-
PANY, As subrogee of Michael Emer-
son, and Michael Emerson, Appellees–
Plaintiffs.

No. 45A03–0005–CV–167.

Court of Appeals of Indiana.

Nov. 27, 2000.

Michael K. Lulich, Michael K. Lulich & Associates Avon, IN, Attorney for Appellant.

Nancy K. Briggs, Steven A. Johnson & Associates, Merrillville, IN, Attorney for Appellees.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant Garnishee Defendant, Illinois Founders Insurance Company (Illinois), appeals the trial court's Order finding that Illinois is responsible for payment of the judgment entered against Elmer L. Luster (Luster), as insured by Illinois, and in favor of Horace Mann Insurance Company (Horace), as subrogee of Michael Emerson (Emerson).

We affirm.

### ISSUE

Illinois raises one issue on appeal, however, we raise the following dispositive issue *sua sponte:* whether a garnishee-defendant may challenge a Proceedings Supplemental Order when an underlying judgment has been entered against it and Plaintiff subsequently filed a Motion to Enforce Judgment by Proceedings Supplemental.

### FACTS AND PROCEDURAL HISTORY

On January 24, 1997, Emerson and Luster were involved in an auto collision in Gary, Indiana. At the time of the collision, Emerson was insured with Horace and Luster was insured with Illinois. Both drivers had coverage for damage to their own vehicle, as well as liability coverage. Horace paid Emerson for the repairs to his vehicle less the deductible, and presented several written subrogation claims to Illinois. Horace received several letters from Illinois denying its subrogation claim and stating that Illinois had conducted an investigation of the accident and had retained legal counsel.

On December 5, 1997, Horace and Emerson filed a Notice of Claim in Small Claims Court for property damage resulting from the auto collision. On January 20, 1998, an appearance was filed for Luster, and on June 29, 1998, an answer was filed for Luster with attached counterclaim filed by Illinois naming Luster as the named counter-plaintiff.

On May 4, 1999, a bench trial was held on Horace's complaint and Illinois' counterclaim. Counsel appeared for both parties, however, Luster failed to appear. Judgment was entered for Horace in the amount of $2,329.73 plus court costs and interest, and the court ruled against Illinois on its counterclaim. After judgment was ordered, Illinois refused to provide coverage to Luster claiming that he breached the cooperation clause of the policy by failing to provide a change of address and notify the police of the collision. Thus, on September 10, 1999, Horace filed a Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution with Illinois. Illinois continued to contest coverage for Luster in response to proceedings supplemental based upon Luster's alleged non-cooperation with the claims process and failure to attend the trial. On February 1, 2000, the trial court ruled that the proceedings supplemental were "well taken," but that at trial Illinois failed to raise the defense of Luster's non-cooperation.

Thereafter, on March 23, 2000, Illinois filed a Motion to Correct Errors; again claiming Luster's failure to cooperate severely prejudiced it in its defense of the underlying cause. On March 28, 2000, the trial court entered its Order on Illinois' Motion to Correct Errors and rejected its argument of non-cooperation and found that Illinois was responsible for payment of the underlying judgment. Illinois now appeals.

## DISCUSSION AND DECISION

Initially, we note the appropriate procedures through which an insurer may challenge the judgment rendered against its insured. In *Gallant Ins. Co. v. Wilkerson,* 720 N.E.2d 1223 (Ind.Ct.App.1999), we found that:

> When an insurer questions whether an injured party's claim falls within the scope of policy coverage or raises a defense that its insured has breached a policy condition, the insurer essentially has two options: (1) file a declaratory judgment action for a judicial determination of its obligations under the policy; or (2) hire independent counsel and defend its insured under a reservation of rights.

*Id.* at 1227 (citations omitted).

█ On appeal, Illinois argues that Luster, its insured, failed to cooperate in the investigation and defense of the claim by Horace, as subrogee of Emerson. Specifically, Illinois claims that Luster breached the cooperation clause and notice provisions of the insurance policy by failing to notify Illinois of his address changes, his failure to respond to inquiries regarding the accident and damages, and his failure to attend the trial. Further, Illinois contends that it took extraordinary steps to locate Luster by hiring a private investigator. Illinois asserts that compliance with the cooperation clause and notice provisions of an insurance policy are conditions precedent to coverage, and Luster's failure to cooperate was prejudicial. Therefore, Illinois argues that it should be released from the proceedings supplemental judgment. Illinois is correct in its assertion that when an insurer is prejudiced by the insured's noncompliance with the policy's provisions, the insurer is relieved of its liability under the policy. *Gallant Ins. Co. v. Allstate Ins. Co.,* 723 N.E.2d 452, 456 (Ind.Ct.App.2000). However, we have held that "when an insurance company assumes the defense of an action against its insured, without reservation of rights, and with knowledge of facts which would have permitted it to deny coverage, it may be estopped from subsequently raising the defense of non-coverage." *Hermitage Ins. Co. v. Salts,* 698 N.E.2d 856, 858 (Ind.Ct. App.1998).

█ It is well settled that contractual provisions of an insurance policy may be waived or that the insurer may be estopped from asserting such provisions. *Wilkerson,* 720 N.E.2d at 1227 (citations omitted). Here, because the Record does not contain a transcript of either the trial or the proceedings supplemental, we can discern no evidence from the Record, nor does Illinois provide us with any, to support even an inference that it took affirmative steps necessary to locate Luster and procure his attendance. *See Id.* Furthermore, the Record reflects that at trial, Illinois failed to claim non-cooperation by Luster. Specifically, in its Proceedings Supplemental Order, the trial court stated that:

> The parties come before the Court having filed a request for proceedings supplemental, a response to the proceedings supplemental, a reply to the response, and a further response to the reply. After reviewing all of the briefs, the Court finds the Request for proceedings supplemental is well taken. The Defendant filed an answer with the Court and *did not claim failure to cooperate by their client. At trial Defendant's counsel, never claimed lack of cooperation by their client. To make that claim at this point in the cause, is illogical.*

(R. 215) (emphasis supplied). Illinois subsequently filed a Motion to Correct Error, and the trial court issued its Order on Illinois' motion, specifically stating in relevant part as follows: "[t]he Court rejects the Defendant's arguments of non-cooperation by their insured. Therefore, the result remains the same, the Court finds the Defendants responsible for payment of the judgment." (R. 254).

■ Thus, because Illinois does not present us with evidence to the contrary displaying that it did in fact claim Luster's non-cooperation at trial, we note the general rule stated in *Wilkerson* that:

> an automobile liability insurer which learns before the trial of an action against its insured that the insured has breached the cooperation clause of the policy, and nevertheless defends him at trial, thereby waives or is estopped to assert the insured's noncooperation in a subsequent action to recover on the policy. This rule has been applied in a number of cases in which the insured failed to appear at the trial of the original action brought against him or her, and where the insurer conducted the defense of the insured in his or her absence.

*Wilkerson*, 720 N.E.2d at 1229 (citations omitted). "We believe this rule to be an equitable one that also comports with the underlying purpose of proceedings supplemental." *Id.*

■ The filing of a motion for proceedings supplemental speaks only to *how* the claim is to be satisfied, whereas the complaint in the original action speaks to *whether* the claim should be satisfied. *Id.* (citations omitted). Proceedings supplemental are merely a continuation of the underlying claim, initiated under the same cause number for the sole purpose of enforcing a judgment. *Koors v. Great Southwest Fire Ins. Co.*, 538 N.E.2d 259, 260 (Ind.Ct.App.1989). The trial court is vested with broad discretion in conducting proceedings supplemental. *Hermitage Ins. Co.*, 698 N.E.2d 856. A judgment rendered pursuant to proceedings supplemental is a general judgment that may not be disturbed unless the record fails to support any theory justifying the trial court's decision. *Allstate Ins. Co.*, 723 N.E.2d at 455; *Wilkerson*, 720 N.E.2d at 1226. Proceedings supplemental cannot be used to collaterally attack the underlying judgment. *Koors*, 538 N.E.2d at 260. In proceedings supplemental to recover from a liability insurer, the judgment creditor bears the burden of showing a judgment, the insurance policy, and facial coverage under the policy. *Allstate Ins. Co.*, 723 N.E.2d at 454 (citing *Hermitage Ins. Co.*, 698 N.E.2d at 859). To allow an insurer to defend its insured without a reservation of rights and subsequently raise a policy defense would subvert the very function for which proceedings supplemental were created. *Wilkerson*, 720 N.E.2d at 1229. "Clearly, proceedings supplemental are not appropriate vehicles for creating, enlarging or reducing liability." *Id.* (citation omitted). However, a liability insurer may stay proceedings supplemental while pursuing a separate declaratory action to determine the insurer's liability under the policy. *See Wilkerson*, 720 N.E.2d at 1227.

Finally, this court relied on the following reasoning expressed by the Illinois Appellate Court:

> An insurer may not raise a policy defense when it has defended and lost the underlying claim without a reservation of rights. It would be unfair to the insured to allow the insurer to defend the underlying claim while at the same time it is formulating policy defenses to deny coverage. It would also waste the time of the courts and the litigants to go through a trial expected to be dispositive only then to discover the insurer is claiming a second bite at the apple in the form of a policy defense.

*Id.* at 1229 (citing *Western States Ins. Co. v. Weller*, 299 Ill.App.3d 317, 233 Ill.Dec. 692, 701 N.E.2d 542, 545 (1998) (citations omitted), *appeal denied; see also* Debra E.

Wax, Annotation, *Liability insurer's waiver of right, or estoppel, to set up breach of co-operation clause,* 30 A.L.R.4th 620, 1984 WL 263193, § 12, at 673–79 (1984) (insured's failure to appeal at trial)).

Here, Illinois had a full and fair opportunity to raise Luster's alleged non-cooperation in the underlying tort action and could have protected its interests either by defending Luster under a reservation of rights or by filing a declaratory judgment action on the issue of his cooperation. *See Wilkerson,* 720 N.E.2d at 1229 (citing *Progressive Cas. Ins. Co. v. Morris,* 603 N.E.2d 1380, 1383 (Ind.Ct.App.1992); *Liberty Mut. Ins. Co. v. Metzler,* 586 N.E.2d 897, 902 (Ind.Ct.App.1992), *trans. denied* ). Illinois did neither.

Therefore, because the Record reveals that Illinois failed to raise the defense of Luster's non-cooperation at trial, together with the absence of any evidence in the Record that Illinois made a diligent effort to locate and procure Luster's appearance at the trial, we conclude that Illinois is now estopped from asserting the defense of non-cooperation in proceedings supplemental.

### CONCLUSION

Based on the foregoing reasons, the judgment of the trial court finding that Illinois is responsible for payment of the underlying judgment is affirmed.

Affirmed.

BARNES, J., and BAILEY, J., concur.