Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**DONALD H. DUNNUCK**
Muncie, Indiana

ATTORNEY FOR APPELLEE:

**DAVID L. VAN SLYKE**
Plunkett Cooney, P.C.
Columbus, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J & W CONSTRUCTION, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1309-CT-809 |
| | ) | |
| DUFFY TOOL & STAMPING, LTD, LLC, et al., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Kimberly S. Dowling, Judge
Cause No. 18C02-0909-CT-14

**May 7, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, J&W Construction Inc.- (J&W), appeals the trial court's orders dismissing its motion for proceeding supplemental and its motion to correct error. We affirm.

## ISSUES

J&W raises two issues on appeal which we restate as:

(1) Whether the trial court erred in denying J&W's motion for proceeding supplemental; and

(2) Whether J&W waived our review of the trial court's order dismissal of its motion to correct error.

## FACTS AND PROCEDURAL HISTORY

Duffy Tool & Stamping, Ltd., (Duffy)[1] contracted with J&W to perform concrete and excavation construction services. J&W completed all services and billed Duffy a total of $16,912.00 for the work done; however, Duffy refused to pay. On September 9, 2009, J&W filed a Complaint against Duffy. In the caption of the Complaint, J&W spelled Duffy's name as *Duffey*. On September 10, 2009, the trial court issued a Summons to "Duffy Tool & Die Co." and indicated its address as "West 8th Street, Muncie, IN, 47302." (Appellee's App. p. 11). On September 15, 2009, Duffy was served with the Summons,

---

[1] Duffy did not participate in this appeal, neither did it defend itself from J&W's motion for proceeding supplemental or the petition for permissive joinder and complaint to foreclose judgment; however, we note that a party of record at trial is a party on appeal and thus we include Duffy's name on the caption of this case. *See* Appellate Rule 17(A) ("A party of record in the trial court…shall be a party on appeal.")

and on September 29, 2009, Duffy entered its appearance even though the Complaint had named it as *Duffey*.

On March 16, 2010, J&W moved for an entry of default judgment on the basis that Duffy had failed to file an Answer to its Complaint despite being given two extensions of time the last of which was due on November 20, 2009. On the same day, the trial court entered judgment in favor J&W in the amount of $16,912.00 together with court costs of $146.00. The judgment was thereafter indexed in the trial court's judgment docket under the name *Duffey*.

In June 2011, Duffy entered into a contract to sell the real property commonly known as 3401 West 8th Street, Muncie, Indiana (the Property) to MCDC — an Indiana non-governmental agency charged with redevelopment of commercial properties in the City of Muncie — for $300,000.00. Prior to the purchase, Indiana Title Company (Title Company) performed a title examination, including a review of recorded mortgages and judgments relative to the Property. The examination by the Title Company revealed eight judgments against Duffy. The March 16, 2010 judgment was not listed in the search because that Judgment had been indexed under *Duffey* rather than Duffy. The sale of the Property closed on July 14, 2011, and on the same day, MCDC entered into a lease agreement with Indiana Stamping.

On August 1, 2012, J&W initiated a proceeding supplemental against Duffy, alleging in part: (1) the March 16, 2010 judgment of $16,912.00 was unpaid; (2) there was no cause to believe that a levy of execution against Duffy would satisfy the judgment; (3) Duffy had non-exempt property, income, wages, assets, or profits subject to execution of

3

the said judgment; and (4) requesting an order requiring that MCDC and Indiana Stamping (Garnishee Defendants)[2] be named garnishee defendants and be made parties to the proceeding and answer to any interest they may have in non-exempt property that could be applied to satisfy the Judgment. On September 20, 2012, Garnishee Defendants moved to dismiss J&W's motion for proceeding supplemental on the basis that the motion was procedurally improper. In support of its motion to dismiss, Garnishee Defendants incorporated an affidavit from James Trulock (Trulock), the co-president of Title Company, who swore, in pertinent part that:

7. In June 2011, Duffy [] entered into a contract to sell the [Property].
8. [] Title Company performed a title examination relative to the proposed transaction.
9. The title examination included a review of the Delaware Circuit . . . [C]ourt's judgment index.
10. In Delaware County, there is no search field for corporate entities.
11. In Delaware County, the local search standard is that judgments against corporate entities are properly indexed under the last-name field in the . . . [trial] [c]ourt's computer system.
12. [] Title Company, [conducted the search] in accordance with the local search standard, [and] examined the [] judgment index under the last-name field for Duffy.
13. The examination revealed eight (8) possible liens against Duffy . . .
14. The [] judgment asserted . . . by J&W was not located.
15. The [] judgment asserted by J&W was not properly indexed inasmuch as the only way to locate the judgment was to search *Duffey* in the first-name field.
16. Had the [] judgment been indexed in the last-name field under Duffy, it would have been located during [] Title Company's examination of the judgment index.
17. At no point in time until summer of 2012, did [] Title Company have any knowledge of the [] judgment against *Duffey*
18. If before closing the transaction, [] Title Company would have known that J&W [] would claim an interest [] in [the Property], Title Company would not have allowed the transaction to close.
19. The [judgment] was not in the chain of title to the [Property].

---

[2] MCDC and Indiana Stamping were not party to the original suit. However, they were named as garnishee defendants in J&W's motion for proceeding supplemental.

4

(Appellant's App. pp. 41-42).

On October 17, 2012, J&W filed a petition for permissive joinder of parties and complaint to foreclose judgment, asserting that the judgment was superior to "all claims, liens and interest that may be asserted against" the Property. (Appellant's App. p. 108). On October 30, 2012, Garnishee Defendants moved to dismiss J&W's petition for permissive joinder of parties and complaint to foreclose judgment.

On February 6, 2013, J&W filed its response to the Garnishee Defendants' motion to dismiss. In support of its argument, J&W submitted an affidavit from Steven Craycraft (Craycraft), clerk of the Delaware Circuit Courts, who swore in pertinent part:

3. That on September 9, 2009 the above styled case was filed in Delaware County which subsequently resulted in a judgment against [Duffy] . . .
4. That said Judgment was duly recorded on the judgment docket and a search on the same could have been found by any competent judgment searcher.
5. That I personally ran a judgment search under the name Duffy Tool & Stamping, Ltd., LLC and was able to locate the said judgment on the judgment docket.
6. That the said judgment was properly indexed on March 16, 2010.
7. That said judgment docket was in the chain of title and notice to the world that the said judgment was and is a judgment in lien on said [P]roperty.

(Appellant's App. p. 120). On March 14, 2013, the Garnishee Defendants filed a second Affidavit from Trulock. Trulock authenticated his previous search with screen-shots from the trial court's online public records showing that the judgment could not be found under Duffy.

On June 24, 2013, the trial court held a hearing and heard arguments from both sides on the motion for proceeding supplemental and on the petition for permissive joinder and complaint to foreclose judgment. The trial court took the matter under advisement and on July 11, 2013, in its order dismissing J&W's motion and petition, the trial court found in

5

pertinent part that: the Judgment was not properly indexed; it was J&W's responsibility to ensure the judgment was properly indexed; and that MCDC was a *bona fide* purchaser for value

On August 6, 2013, J&W filed a motion to correct error alleging that the trial court erred in dismissing its motion for proceeding supplemental and its petition for permissive joinder and complaint to foreclose judgment. J&W also argued that the trial court had erred in finding that the judgment was not properly indexed, and it was J&W's responsibility to ensure that the judgment was properly indexed. On August 14, 2013, Garnishee Defendants moved to file a memorandum in opposition to J&W's motion to correct error. On August 29, 2013, without conducting a hearing, the trial court issued an order dismissing J&W's motion to correct error.

J&W now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

J&W argues that the trial court erred in denying its motion for proceeding supplemental and its motion to correct error. We will address each argument in turn.

### I. *Motion for Proceeding Supplemental*

J&W appeals the trial court's order denying its motion for proceeding supplemental. Proceedings supplemental are designed as a remedy where a party fails to pay a money judgment. *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008).

The proceedings are merely a continuation of the underlying claim, initiated under the same cause number for the sole purpose of enforcing a judgment. *Ill. Founders Ins. Co. v. Horace Mann Ins. Co.*, 738 N.E.2d, 708 (Ind. Ct. App. 2000). These proceedings

6

"serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment." *State Farm Mut. Auto. Ins. Co. v. Estep,* 873 N.E.2d 1021, 1029 (Ind. 2007).

Our system vests trial courts with broad discretion in conducting proceedings supplemental. *Commercial Credit Counseling Servs., Inc. v. W.W. Grainger, Inc.,* 840 N.E.2d 843, 847 (Ind. Ct. App. 2006). "[I]n proceedings supplemental, we are constrained to treat a trial court's judgment as being general only." *First Bank of Whiting v. Samocki Bros. Trucking Co.,* 509 N.E.2d 187, 192 (Ind. Ct. App. 1987), *trans. denied.* We will not disturb a trial court's judgment regarding a proceeding supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained. *Ill. Founders Ins. Co.,* 738 N.E.2d at 708. "We will affirm the trial court's judgment on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom." *Gallant Ins. Co. v. Wilkerson,* 720 N.E.2d 1223, 1226 (Ind. Ct. App. 1999).

As a preliminary matter, we note that Duffy did not file an appellee's brief. Under this circumstance, we do not undertake the burden of developing arguments for the appellee. *Am. Acceptance Co. LLC v. Willis,* 984 N.E.2d 653, 654 (Ind. Ct. App. 2013). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id.* *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

Garnishee Defendants maintain that the motion for proceeding supplemental was procedurally improper because at the time the motion was filed, Duffy was not the owner of the Property. As such, Garnishee Defendants argue that J&W should have sought to foreclose the Property under Trial Rule 69 (C) due to the judgment lien. J&W counters these arguments by stating that the trial court failed to address this procedural issue at the time. Therefore, J&W argues that "[h]ad the trial court determined that [it's] "purported Complaint" did not comply with the [T.R.] 69 . . . [J&W] [should] have been free to re-file their Complaint under a separate cause number and proceed with its remedies pursuant to [T.R.] 69(C)." (Appellant's Br. p. 5).

In addressing the arguments raised, we first note that a money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located. *Needham v. Suess,* 577 N.E.2d 965, 967 (Ind. Ct. App. 1991); *see* I.C. § 34-44-9-2. Also, once a judgment lien has attached to land, it remains until it is legally removed, and anyone buying property to which a lien has attached and who has actual or constructive notice of the lien takes the property subject to the lien. *Id.*

We have previously observed that "enforcement of a judgment lien is a separate and distinct action from the execution of a money judgment via proceeding supplemental." *Arend v. Etsler*, 737 N.E.2d 1173, 1174 (Ind. Ct. App. 2000). "Proceedings supplemental are brought solely for the purpose of subjecting property allegedly belonging to a judgment debtor to the satisfaction of the judgment debt, not to a lien." *Id.* (quoting *Hinds v. McNair*, 235 129 N.E.2d 553, 558 (Ind. 1955)).

Here, notwithstanding the March 2010 judgment, Duffy conveyed the Property to MCDC in June 2011. Before the sale closed, MCDC conducted a title search and the judgment in question could not be found in the judgment docket under the name Duffy. Further, the record reveals that the judgment had been indexed under the name *Duffey*. "A record outside the chain of title does not provide notice to *bona fide* purchasers for value." *Meyer v. Marine Builders, Inc.,* 797 N.E.2d 760, 774 (Ind. Ct. App. 2003). Therefore, nothing in the county records would have placed MCDC on notice of a pending judgment lien. Based on the foregoing, we conclude that MCDC was a *bona fide* purchaser for value as a matter of law.

Thus, in dismissing J&W's motion for proceeding supplemental, the trial court duly established that Duffy was not the owner of the Property as of the date of filing the proceeding supplemental and that the Property was not in the control of Duffy to satisfy the judgment. Also since we find MCDC to be a *bona fide* purchaser for value, we find that equity favors MCDC. As a *bona fide* purchaser of the Property, MCDC could only be responsible for what was in the county records at the time the title search was conducted. MCDC could not have cured deficiencies in the records of which it was totally unaware. In contrast, as a judgment holder, J&W could have taken steps to cure the deficiencies, *i.e.*, it could have checked the records to ensure that its judgment was properly indexed and perfected, giving rise to a lien, or it could have sought to amend the caption to its Complaint by correcting Duffy's name. In short, J&W was in a better position to prevent the dispute at hand. As such, we find no error in the trial court's decision in dismissing J&W's motion for proceeding supplemental.

## II. Waiver of Motion to Dismiss Issue on Appeal

J&W contends that the trial court erroneously dismissed its motion to correct error.[3] Overall, we find that J&W's argument on this issue is too poorly developed to be understood. Indiana Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief

> must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on....

It is well-settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules. *Pitman v. Pitman*, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999). Additionally, "[w]e will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.,* 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (quoting *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied.*)

In the argument section of its brief, J&W briefly states that the trial court failed to apply the proper standards when it granted Garnishee Defendants' motion to dismiss. It is not even clear to us which motion to dismiss J&W is referring to. Furthermore, J&W quotes provisions of Trial Rule 12(b) and cites several authorities which set forth our

---

[3] J&W also stated in its brief that the trial court erred in considering the affidavits filed by the Garnishee Defendants in support of their motion to dismiss its proceeding supplemental and petition for permissive joinder of parties and complaint to foreclose judgment. This argument was not properly developed, and as such, we will not delve into this issue. See Ind. Appellate Rule 46(A)(8).

10

standard of review for summary judgment; however, J&W does not elaborate how the sections or the cases cited relate to its appeal. Because J&W argument was not properly developed, we find that this issue is waived. *See State v. Holtsclaw*, 977 N.E.2d 348, 350 (Ind. 2012) (appellant waived argument by "failing to appropriately develop or support it").

CONCLUSION

Based on the foregoing, we find that (1) the trial court properly denied J&W's proceeding supplemental, and (2) J&W failed to appropriately develop or support its argument on how the trial court erred in dismissing its motion to correct error.

Affirmed.

ROBB, J. and BRADFORD, J. concur